```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW HAMPSHIRE
```

Green Tree Servicing, LLC

    v.                              Civil No. 09-cv-191-JL

United States of America *et al.*

**MEMORANDUM ORDER**

The government has moved for reconsideration of this court's order denying the plaintiff's motion for summary judgment in this case, which seeks the equitable restoration of an allegedly mistakenly discharged mortgage to a position of priority over subsequent federal tax liens. Green Tree Servicing, LLC v. United States, ___ F. Supp. 2d ___, 2011 DNH 056. In the alternative, the government seeks leave to file its own motion for summary judgment, even though the deadline for those motions set forth in the court's scheduling order passed on December 15, 2010 (and the government did not properly cross-move for summary judgment in response to the plaintiff's motion for summary judgment). Both forms of relief are denied.

Again, the court <u>denied</u> the plaintiff's motion for summary judgment. So the government is seeking reconsideration of an order denying relief to the adverse party, which is unusual, to say the least. The government's theory is that, not only should this court have denied the plaintiff's motion for summary judgment, it should also have granted summary judgment for the

government--even though the government filed no summary judgment motion of its own, but merely stated, on the last page of its objection to the plaintiff's motion, that the court should enter summary judgment for the government. The court did not do so, for two reasons: (1) given its rulings on the legal arguments the government made in opposing the plaintiff's motion, the government was not entitled to that relief as a substantive matter, and (2) the government was also not entitled to that relief as a procedural matter, because its request violated Local Rule 7.1(a)(1)'s command that "[o]bjections to pending motions and affirmative motions for relief shall not be combined into a single filing."

As the government acknowledges, a successful motion for reconsideration of an interlocutory order, such as the order denying the plaintiff's motion for summary judgment, must "demonstrate that the order was based on a manifest error of fact or law." L.R. 7.2(e). The government has come nowhere close to showing that either the substantive or the procedural aspect of the court's summary judgment ruling was a "manifest error."

The government argues principally that this court misapplied the decision by the court of appeals in Progressive Consumers Federal Credit Union v. United States, 79 F.3d 1228 (1st Cir. 1996). As this court observed in its prior order, Progressive "expressly holds that federal law allows the use of a

state-law equitable doctrine to restore a mistakenly discharged mortgage to its position of priority over federal tax liens." 2011 DNH 056, 17.

The government does not question (and, indeed, appears to agree with) this characterization of Progressive's holding. Instead, the government argues that the Progressive court "explicitly grounded its decision on [26 U.S.C.] § 6323(i)(2)," which recognizes the doctrine of equitable subrogation against federal tax liens, and therefore does not apply here, where the plaintiff is seeking equitable restoration against federal tax liens. This is a blatant misreading of Progressive, which this court rejected in its prior order. 2011 DNH 056, 17-19. That much is clear from the Progressive court's own words:

> The government argues that because section 6323(i)(2) explicitly authorizes the application of local laws of subrogation and is silent as to the doctrine of unjust enrichment, the district court was correct in deeming the latter doctrine inapplicable to [the plaintiff's] claim. We disagree. While the court was correct in stating that Congress gave an "explicit directive with respect to determining the priority of federal tax liens," it was incorrect in holding that "there is no basis upon which to presume the applicability of a common law doctrine" not expressly provided for by the statute. To essentially translate a directive for a federal scheme of priority into a preemption of state law governing the nature and extent of state created liens was unwarranted. To the contrary, federal courts should presume applicability of state common law doctrines in determining the status of state created liens. Such determinations do not contravene federal law simply because they ultimately bear on the federal issue of who was first in time in determining priority.

79 F.3d at 1235-36.[1]  So the government has it backwards. Progressive did not allow the equitable restoration of a mistakenly discharged mortgage to a position of priority over subsequent tax liens because of § 6323(i)(2), but in spite of it.

Indeed, the government's motion for reconsideration betrays the fact that its real problem is not with this court's reading of Progressive, but with Progressive's reading of federal tax lien law.  The government argues that "[i]f [§] 6323(i)(2) is not the basis for that court's decision"--which, as just explained, it plainly was not--then "there is no statutory basis for the court's decision," meaning that it was "based on federal common law."  And if that was the case, the government continues, then the court of appeals "ignored the federal tax lien statute and instead adopted its own interpretation of the law" in "an instance of the First Circuit overreaching its authority."

As the passage just quoted makes clear, Progressive's holding was indeed based on common law because, as the court explained, "federal courts should presume applicability of state common law doctrines in determining the status of state created liens."  79 F.3d at 1235.  This would not appear to be the sort of judicial "overreaching" the government tries to portray it as,

---

[1] As noted in the prior order, the court of appeals used the term "unjust enrichment" to refer to equitable restoration.  2011 DNH 056, 16 n.6.

see, e.g., Samantar v. Yousuf, 130 S. Ct. 2278, 2289 n.13 (2010) ("when a statute covers an issue previously governed by the common law, we interpret the statute with the presumption that Congress intended to retain the substance of the common law"), but, in any event, this court's view of the soundness of Progressive is beside the point. This court is bound to follow controlling circuit precedent, regardless of what it--or, for that matter, the government--thinks of it, and it certainly cannot be a "manifest error of law" to do so.

The government's remaining arguments in its motion for reconsideration also either explicitly or implicitly invite this court to disregard Progressive and likewise come nowhere near the standard for relief on a motion for reconsideration:

1. The court misapplied the hypothetical judgment lien creditor test. As the court observed, this test "places the IRS 'in the shoes of any subsequent judgment creditor, including the most favorable shoes'" in determining the priority of its liens as a matter of the applicable state law. 2011 DNH 056, 12 (quoting Haas v. IRS (In re Haas), 31 F.3d 1081, 1090 (11th Cir. 1994) (footnote omitted in prior quotation)). In opposing the plaintiff's motion for summary judgment, the government had argued that applying this test here "would result in the priority of its liens '[b]ecause a class of New Hampshire judgment lien creditors (those without actual notice of [the plaintiff's]

unrecorded mortgage) could have priority over [the plaintiff's] 'mortgage.'"[2] Id. at 12 (quoting Gov't's Opp'n to Pl.'s Mt. for Summ. J. at 10). But the court rejected the premise of this argument, ruling that "there is no 'class of judgment creditors' under New Hampshire law whose interest would necessarily have been superior to [the plaintiff's] mortgage." Id. at 13. As the court explained, New Hampshire law "does allow for erroneously discharged mortgages to have priority over intervening judgment liens, even if the lienors were unaware that the discharge was erroneous." Id. (footnote omitted).

In moving for reconsideration, the government argues that "a state law judgment creditor that relied upon a recorded discharge could have priority" over the discharged mortgage under New Hampshire law, even if the discharge was erroneous. But, as just stated, this court ruled precisely to the contrary in the summary judgment order, and the government does not explain how that ruling was an error, let alone a "manifest" one. Indeed, the government does not cite any New Hampshire law at all.[3]

---

[2] The mortgage was actually given to the plaintiff's alleged predecessor-in-interest, Conseco Financing Servicing Corp., rather than the plaintiff itself, but because that distinction is unimportant for present purposes the court will refer to them here interchangably as "the plaintiff."

[3] Instead, the government seems to suggest that the hypothetical judgment lien creditor test automatically prevents the equitable restoration of an erroneously discharged mortgage to a position of priority over intervening tax liens, since the

6

2. <u>The plaintiff has no security interest protected under federal law because it has not yet demonstrated its right to equitable restoration.</u>  The government maintains that this requirement proceeds from "certain aspects of the Treasury Regulations" which this court "appears to have overlooked" in ruling that "[t]he simple fact that the discharge of [the plaintiff's] mortgage was recorded before notices of the federal tax liens . . . does not necessarily mean that the mortgage was not 'protected' against the liens as a matter of federal law." 2011 DNH 56, 11.  To the contrary, the government now argues, Treasury Regulations, namely 26 C.F.R. § 301.6323(h)-(1)(a)(2), demand that to be protected against a federal tax lien a lienor take "all actions required under local law to be protected against a state law-judgment lien," and that the plaintiff has not done that, because those actions include proving its right to equitable restoration under New Hampshire law.

First, though, the government did not make this argument in its opposition to the plaintiff's summary judgment motion, and a motion for reconsideration is not an appropriate vehicle for raising arguments that could have been made previously but were not.  See <u>Platten v. HG Bermuda Exempted Ltd.</u>, 437 F.3d 118, 139

---

equitable nature of that relief means it will not be available in every case of an erroneous discharge.  Whatever else can be said of that argument, it cannot be reconciled with the decision by the court of appeals in <u>Progressive</u>.

(1st Cir. 2006). Second, the government's argument would categorically disallow the use of state-law equitable doctrines to restore an erroneously discharged mortgage to a position of priority over intervening federal tax liens[4]--a result which, whatever else may be said of it, is directly contrary to the holding of Progressive, as just discussed.

3. *The equitable restoration of the plaintiff's mortgage amounts to "relation back" which cannot alter the record priority of the federal tax liens.* The court's order denying the plaintiff's motion for summary judgment rejected this argument, at least as the government had formulated it in its summary judgment objection. As previously articulated, the government's argument was based on Haas's alternative holding that "Treasury

---

[4] In this sense, the government's argument here suffers from the same fatal logical flaw as one of the arguments it did make in its summary judgment objection: that the plaintiff's "claim for equitable reinstatement is moot because, even if this court enters a judgment granting it, 'that interest will not be perfected until that judgment is recorded' and will therefore remain junior to the government's existing liens." 2011 DNH 056, 19 n.8. The court observed that "[a] judgment granting equitable reinstatement of an erroneously discharged mortgage to a prior position over subsequent liens would always be meaningless if the mortgage nevertheless remained junior to the liens in this way." Id. Likewise, a mortgagor trying to obtain equitable reinstatement of its mistakenly discharged mortgage to a position of priority over subsequent federal tax liens--which requires proving its entitlement to that relief--could never succeed if the mortgagor had to prove, in essence, that it had proven its entitlement to that relief before the federal tax liens had been recorded. Indeed, that would seem to be a metaphysical impossibility. So this argument--like the government's prior mootness argument--"verges on the nonsensical." Id.

Regulations forbid application of a relation back principle to award an unperfected lien priority over the tax lien." 31 F.3d at 1091 (citing 26 C.F.R. § 301.6323(h)-1). In declining to adopt that holding, this court reasoned that (1) the Haas court had mistakenly treated equitable reinstatement as a form of relation back, and (2) in any event, "this aspect of Haas was squarely rejected by our court of appeals in Progressive." 2011 DNH 056, 14-17.

The government's motion for reconsideration does not address this second conclusion, apart from a single sentence that Progressive "never analyzes" the relevant Treasury Regulations.[5]

---

[5] Instead, the government attacks, as "not supported by the cases cited" in the summary judgment order, this court's conclusion that the New Hampshire doctrine of equitable reinstatement does not amount to relation back, but "treats [a] discharge as a nullity if it was the product of mistake and intervening lienholders have not relied on it." 2011 DNH 056, 15. That attack is irrelevant, in light of Progressive, and it is also ill-founded. First, the government still fails to cite any New Hampshire case--or, for that matter, any case at all besides Haas--that equates equitable restoration with relation back. See id. at 15. Second, as specifically discussed in the summary judgment order, id. at 25, the New Hampshire Supreme Court has explained, in discussing equitable restoration, that "where the acts of the parties are not legally effective to accomplish the acts which they intended, equity may intervene to correct the mistake and produce the intended result when the rights of third parties will not be affected thereby." Anatole Caron, Inc. v. Manchester Fed. Sav. & Loan, 90 N.H. 560, 564 (1940) (discussing Int'l Trust Co. v. Davis & Farnum Mfg. Co., 70 N.H. 118 (1899)). The government does not explain how that differs from treating the "discharge as a nullity if it was the product of mistake and intervening lienholders have not relied on it," as this court described equitable restoration.

9

But that criticism of Progressive does not change the fact that its holding--again, that federal law allows the use of a state-law equitable doctrine to restore a mistakenly discharged mortgage to a prior position over federal tax liens--simply cannot be reconciled with Haas's holding that doing so amounts to an impermissible use of "relation back" under the Treasury Regulations.  So, as this court explained in its prior order, it must follow Progressive, "whatever it may think of the decision to the contrary in Haas."  Id. at 17.  It bears repeating that following controlling authority is not a manifest error of law.

    4.   *Progressive is "distinguishable."*  The government explains that in Progressive, the plaintiff's mortgage "was recorded and in effect" at the time the notices of tax liens were filed, but was later "released in ignorance of the tax liens"

---

The government also argues that, even if New Hampshire law operates this way (i.e., the way the New Hampshire Supreme Court has said it does), then "that would constitute a 'legal fiction' that could not take the matter out of the federal principle that relation back cannot apply to federal tax liens."  But that argument is unavailing here because (1) the government failed to make it in its summary judgment objection, see Platten, 437 F.3d at 139, and (2) the sole case cited in support, Drye v. United States, 528 U.S. 49 (1999), does not stand for the proposition that a state-law "legal fiction"--a term the decision uses once and does not define--has no effect on the priority of federal tax liens, as the government seems to suggest.  Id. at 52 (holding that a taxpayer's "interest as an heir to his mother's estate constituted 'property' or a 'right to property' to which [] federal tax liens attached . . . despite [his] exercise of the prerogative state law accorded him to disclaim the interest retroactively") (bracketing by the Court omitted).

when the plaintiff refinanced the mortgage and recorded a new one. Here, in contrast the plaintiff had already discharged its mortgage as of record by the time the notices of tax liens were filed. Thus, the government maintains, while the result in Progressive served "to restore the parties to their original priorities," i.e., prior to the mistaken discharge, "granting [the plaintiff] priority here would not restore the parties to the status quo, but instead place [it] into a position that it never rightfully occupied." Indeed, the government argues, the plaintiff here is in the same situation as the holder "of an unrecorded mortgage that was executed, but not recorded, prior to a subsequent lien being filed."

In the summary judgment order, however, this court rejected the government's attempt to liken a mistakenly discharged mortgage to an unrecorded one as inconsistent with New Hampshire law, 2011 DNH 056, 13 n.4, and the government does not even argue that conclusion was wrong, let alone manifestly so. And the argument the government does make misses the point. Yet again, this court relied on Progressive for the proposition that "federal law does not render the doctrine of equitable reinstatement inapplicable here." Id. at 18-19. It did not rely on Progressive to find the doctrine applicable here, which, as the government seems to acknowledge, is a question of New Hampshire law, not the Massachusetts law discussed in

Progressive. This court did reject the government's argument that the plaintiff was not entitled to equitable reinstatement as a matter of New Hampshire law, but that ruling relied on state law, not on Progressive, id. at 23-28, and, again, the government does not even claim that ruling was wrong. So the government's argument that Progressive is "distinguishable" because there, unlike here, the mistaken discharge followed rather than preceded the federal tax liens, fails to show any error, manifest or otherwise, in the summary judgment order.

Finally, the government challenges the court's procedural ruling that it could not consider the government's request for summary judgment in its favor, contained in a sentence or two of its objection, because of L.R. 7.1(a)(1), quoted at the outset. The government emphasizes that a court has the power to enter summary judgment sua sponte, see, e.g., Sanchez v. Triple-S Mgmt. Corp., 492 F.3d 1, 7 (1st Cir. 2007), or against the party who moves for summary judgment, see Fed. R. Civ. P. 56(f)(1). Of course, while there is no doubt that a court can do those things, it does not follow that a court errs--let alone manifestly--by not doing them, even if, as the government says is the case here, the non-moving party is entitled to summary judgment so that withholding that relief "would serve no practical purpose."

In any event, the government is not entitled to summary judgment here, because, as this court previously ruled, "the

court of appeals has rejected the argument that federal law bars the equitable reinstatement of a mortgage to a position of seniority over federal tax liens." 2011 DNH 056, 2 (citing Progressive, 79 F.3d at 1234-35). The government clearly disagrees with the court of appeals and, in fairness, at least one other federal circuit court has seen the issue differently. The proper means for voicing that disagreement, however, is not by asking this court to reconsider its decision to follow binding circuit precedent, but by asking the court of appeals to reconsider that precedent through the appropriate mechanisms.

Until those mechanisms become available, however, the plaintiff is entitled to pursue its claim in this court. The government's motion for reconsideration or, in the alternative, for leave to file a summary judgment motion (document no. 19) is DENIED. The case is scheduled for a final pretrial conference on **October 11, 2011 at 10:30 a.m.,** the bench trial is scheduled for **October 17, 2011 at 9:30 a.m**. and the parties' final pretrial filings are due accordingly.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated: August 4, 2011

13

```
cc:   Jeffrey J. Hardiman, Esq.
      Austin L. Furman, Esq.
      Albert E. Souther, Esq.
```